John W. Darracott, plaintiff in error, vs. James Penington and David Stapleton, defendants in error.

[1.] The nature and objects of a law partnership, stated.

[2.] At the April Term, 1865, of Miller Superior Court, the situation of the country was such as to furnish an excuse to counsel for not attending the Court.

[3.] This case having been dismissed in the Court below, on account of the non-attendance of the counsel, it ought to have been reinstated on motion at a subsequent term.

Motion to Reinstate.    Decided by Judge CLARKE.    In Miller Superior Court.    April Term, 1866.

Before the late war an action was brought by the plaintiff in error against the defendants in error, Vason & Davis being the attorneys of record for the plaintiff.    At April term, 1865, the case was called in its order, and on motion of defendants' counsel, dismissed, there being no appearance for the plaintiff.    At April term, 1866, Davis, one of the firm of Vason & Davis, moved the Court to vacate the order of dismissal and re-instate the case, showing to the Court by his statement, (which was heard, by consent, in lieu of an affidavit) that both himself and his partner, Vason, were officers in the then Government of the Confederate States, and were unavoidably absent from the term of the Court at which the order was granted ; that they were both residents of Albany, Ga.; that the country was then in a state of great excitement, owing to the military situation ; that the presiding Judge of the Circuit in which they lived did not, in consequence of this excitement and the absence of almost the whole male population of the State from sixteen to sixty years of age, in the military service, pretend to hold Court, and it was the general understanding that no litigated cases would be tried in the Courts; and that he and his partner were unapprised that any such order had been taken until the day of making this motion.

The Court overruled the motion and refused to re-instate the case.    This is the error complained of.

The presiding Judge appended to the bill of exceptions, the following statement, in substance :

"It was stated by Mr. Davis that his partner, Vason, was, at the time of holding Court in April, 1865, attending, in a professional character, some Court in the South-western circuit, and but for his engagements there, would have appeared in this case.    It was not represented that his

holding the office of depository was compulsory, nor that it did, in fact, occupy his time during the Court. I never authorized in this circuit any understanding that litigated cases would not be disposed of during the war. On the contrary, my practice throughout the war, as Col. Vason is aware, was to call all cases, and at the instance of either party, to require a showing before allowing a continuance. At some Courts, the regular calling of the dockets, was, by unanimous request of the bar present, dispensed with; but in no case was it done, except upon express and unanimous consent and request. More or less litigation was disposed of at every term when Courts did not wholly fail, as, for Providential cause, they did once or twice in the circuit. Whenever, on the call of a case, it appeared that the only counsel on either side was in the military service, the case was continued; but when competent counsel were known to be out of the military service and not attending the Court, and no good reason was given for their absence, I permitted the party represented to proceed if he demanded the right. While I did not encourage any illiberality in practice, I did not arbitrarily assume to enforce liberality against the legal rights of parties.

"At the regular term, on the second Monday in April, 1865, this case was called; defendant's counsel announced ready, and demanded to proceed. Plaintiff did not appear, either in person or by counsel. Defendant's counsel moved to dismiss for want of prosecution. The motion was sustained; and a formal judgment to that effect rendered. When asked to set aside that judgment, I did not believe myself authorized to do so without some showing that it was illegal when rendered, not knowing of any ground for setting aside a judgment but illegality therein..

"The statement of counsel for the movant as presented in the bill of exceptions must be taken with his additional statements as above set out. These latter formed a part of his showing," etc.

VASON & DAVIS, for plaintiff in error.

No argument for defendants.

Darracott vs. Penington and Stapleton.

HARRIS, J.

The facts in this case are of a peculiar kind, and, when considered with reference to the wide range of judicial discretion over continuances, the nature and objects of law-partnerships, and, especially, the then actual condition of Georgia, we think our assiduous brother of the Pataula Circuit ought to have controlled the very common eagerness of a party to try his case when he discovers he has, from some fortuitous cause, gotten an advantage over his adversary.

This case was in the last resort: the counsel of the plaintiff below, Mr. Davis, he who brought it and conducted it throughout, and who had attended the Court in which the case was pending, was, at the time it was pressed for trial, in the military service of the Confederacy. His law partner, Mr. Vason, at no time attended the Court where the suit was pending; he was unknown to the Judge or bar as a practitioner there. Mr. Davis, by statute, if he had had no partner, was entitled to his case being continued. Why should the fact of having a partner deprive him of a legal right, when that partner was in no sense an officer of that Court?

[1.] Law partnerships differ, in many respects, from general partnerships : by their nature, they are limited, and are usually formed, and so understood by the country, with a view to conducting business over a wider space, each member attending some Court in contiguous circuits at the same time; thus rendering it utterly impracticable, if one should be sick or detained by sufficient cause, for the other to supply his place, without detriment to his clients in another Court in which he regularly practices. In the existence of such a state of things, surely our brethren of the circuit bench are invested with discretion enough to protect suitors against injury which they could not foresee, or remedy. Hence, we think the Court below should have looked to Mr. Davis's absence alone, and if there was a satisfactory reason

Darracott vs. Penington and Stapleton.

why he could not be in his place at the bar, to have continued the case.

[2.] We do not, however, place the reversal of the judgment dismissing plaintiff's suit upon what has been said, but that the then condition of the Western and South-western portion of the State was such as to excuse all persons, Judge, jurors, parties, witnesses, and attorneys, from attendance. War was existing. At the very hour that Court was being held, a Federal army of sixteen thousand men, under Gen. Wilson, was in possession of the city of Columbus, which had been captured after an ineffectual resistance. This army was of mounted men. They were moving with rapidity on Macon—a portion above, a part below Columbus. They spread over a wide extent of country, inspiring terror, and meeting with no resistance. War raged every where: there was no personal security—travel broken up—one could scarce look within his horizon by day, without seeing the ascending column of smoke, or at night, the lurid flames of the burning dwellings or gin houses of our people. The militia from sixteen to sixty years of age, had been called into the field by the proclamation of the Governor. That proclamation was a call upon all to stand by their arms. This was no time for the transaction of business calmly in Court. The necessity of the hour required our people not in the military service, to look to the security of their families, and the preservation of as much of their property as practicable.

[3.] And, whilst we highly commend the sense of official duty which led our brother to keep his Court open to the last moment, until the Confederate cause was overwhelmed, we cannot but think that, in this case, the ordinary rules governing continuances of causes were too stringently enforced ; and, therefore, direct this case to be re-instated.